UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Valerie Goemaere,

    Plaintiff,

v.                                    Case No. 19-10839

Kathy Tiell,                      Sean F. Cox
                                                           United States District Court Judge

    Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff filed a *pro se* complaint against an instructor at Oakland Community College. Defendant moved to dismiss. Thereafter, Plaintiff filed a motion to amend her complaint. However, instead of correcting her complaint's alleged deficiencies, Plaintiff's motion to amend only seeks to add an additional state-law claim and to add the College as a defendant.

For the reasons below, the Court will deny Plaintiff's motion to amend and grant Defendant's motion to dismiss. Plaintiff's claims will be dismissed with prejudice.

## BACKGROUND

Plaintiff Valerie Goemaere's complaint is hard to follow. She appears to allege that Dr. Kathy Tiell, an instructor at Oakland Community College, is somehow related to a decade-long campaign to terrorize her. The following passage is Goemaere's factual statement of her claim:

> Mid-December 2018
> After hearing the name "Kathy Tiell" in class on numerous occasions I became frightened and place a shield up or became guarded. After 10 years this woman could not possibly want to endanger me again. And so it was. . . I was videotaped and placed on social media while in class without consent. I reported this illegal act.

1

> January 2019
> A new semester. . . it's best that I Google my name (after getting a hint). My information was on the screen. January 22nd footprints up my driveway to my vehicle driverside with urine drops. My employer/employees began a chant of "Hey Val." Known and unknown. This employer will not discriminate, but they have been manipulated by Kathy Tiell to make something of me that is not true. At work some reason for me to cause a staff alert.
>
> By law Kathy Tiell has no reason or cause to contact any of my employers. I have been harmed for approximately 10 years due to her aggregious [sic] acts. I have not provided any harm to myself nor others. I've returned to complete my degree, not for Kathy Tiell to continue from approximately to use people for her agenda to mae me fall by forcing ideologies of racism, age discrimination (from Debbie), and defamation. Kathy Tiell is presenting my or some form of data or information as to dehumanize me.
>
> My employer may or may not be aware of Kathy Teill's long lived diabolical methods of causing fear distrust, and coercion towards me. This only includes Kathy Tiell and those located with intent and knowledge of the cause to harm, retaliate, discriminate, hold color of law, and charge funds from the state or federal Government for approximately 10 years (see previous case) to use methods as to experiment and diagnose this plaintiff and familial result to the present.
>
> Only when I registered for classes/courses at Oakland Community College - Auburn Hills in the Fall 2018 did Kathy Tiell organized her effort to complete a conscious drive to harm me further. Kathy Tiell uses her title to characterize an interest in gathering others to commit these crimes. With this as being known; she continues to use the campus for time and to victimize students as I witnessed approximately 10 years ago. These are major violations. She continues aware that her license are being jeopardized.
>
> Kathy Tiell is speaking and showing people she chooses my finances, personal data, untrue statements, some type of video, and advising a group or individuals to use words and character that it would result in my demise to be the best person I can be.

(ECF No. 1, PageID 5-7).

Goemaere invokes this Court's federal-question jurisdiction and brings eleven "claims:" (1) harassment; (2) retaliation; (3) "No Tolerance" hate crime; (4) illegal surveillance, use of electronic and video; (5) Federal Educational Rights and Privacy Act ("FERPA"); (6) Titles II and

VII; (7) conspiracy; (8) privacy; (9) Equal Access to Justice Act in Agency; (10) malpractice; (11) "color of law;" (12) Health Insurance Portability and Accountability Act ("HIPPA"). (ECF No. 1, PageID 4). She seeks "[t]o have Kathy Teill['s] license removed," equitable relief, and $15 million for "reputation, abilities, exploit and exposure of PII and unauthorized information not prescribed to the public [] [l]ivelihood, [and] educational strengths." (ECF No. 1, PageID 8).

On September 9, 2019, Tiell moved to dismiss Goemaere's complaint, arguing that she had failed to plead a sufficient factual or legal basis for her claims. (ECF No. 16). Goemaere responded, citing four exhibits, which were not attached. (ECF No. 21). The following passage is the entirety of Goemaere's substantive response:

**Introduction and Statement of Facts**

Plaintiff Valerie Goemaere, *pro se*, responds to Defendant's Motion to dismiss and/or compel arbitration as follows:

1. This is a Hate Crimes and Retaliation case form my enrollment at Oakland Community College since 2008.

2. There are many violations of statutes and a charge of ongoing discrimination.

3. Illegal Surveillance & Tampering, Harassment that has continued as to falsify information.

4. The obligation of the parties to arbitrate is not mutual.

**Argument**

"At party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States

> District Court," [9 U.S.C.A. sec. 4]
>
> The Defendant's motion to dismiss is should be void this Plaintiff would request to Extend time to Answer in this motion.
>
> **Conclusion**
>
> For the these [sic] and previous reasons, Plaintiff Valerie Goemaere requests the Court will deny the Defence motion to dismiss.

(ECF No. 21, PageID 101-102).

Tiell replied, arguing that Goemaere had waived her claims by failing to respond to any of their arguments. (ECF No. 24). Goemaere filed a sur-reply. (ECF No. 26)

On October 22, 2019, Goemaere filed a motion to amend her complaint. Instead of correcting any alleged defects, however, she only attempted to add Oakland Community College as a defendant. She also appears to have attempted to add a claim under Michigan's Eliott-Larsen Civil Rights Act. (ECF No. 22, PageID 103). Tiell responded, arguing that this amendment would be futile. (ECF No. 25).

## ANALYSIS

### I. Tiell's Motion to Dismiss

In her motion to dismiss, Tiell argues that Goemaere cannot bring most of her claims because the relevant federal statutes lack a private cause of action. She also argues that Goemaere has failed to plead factual allegations sufficient for her lawsuit to continue.

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. The Court must construe the

complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F3.d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations will not suffice. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a *pro se* litigant's complaint is be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200 at *3 (E.D. Mich. 2011).

### B. Goemaere's Federal Claims

Arguably, seven of Goemaere's claims could have a basis in federal law: (1) FERPA; (2) HIPPA; (3) EAJA; (4) Title II; (5) Title VII; (6) hate crime; and (7) illegal surveillance. The Court will address each below.

#### 1. FERPA

Goemaere attempts to bring a claim under FERPA. However, FERPA does not have a private right of action. *See Bevington v. Ohio Univ.*, 93 Fed.App'x 748, 750 (6th Cir. 2004) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002)). Accordingly, this claim is dismissed.

#### 2. HIPPA

Goemaere's HIPPA claim fails for the same reason. As the Sixth Circuit recently reiterated, "HIPPA doesn't authorize a private cause of action." *Faber v. Ciox Health, LLC*, 944 F.3d 593, 596 (6th Cir. 2019). Accordingly, this claim is dismissed.

### 3. EAJA

The EAJA governs the award of costs and attorney fees in civil actions when the United States, a federal agency, or a federal official is a party. *See generally* 28 U.S.C. § 2412. It is not, however, an independent cause of action. *See Adavanced Management Technology, Inc., v. F.A.A.*, 211 F.3d 633, 637 (D.C. Cir. 2000) (for the EAJA to apply "there must be standing and otherwise proper subject matter jurisdiction for the underlying action; EAJA is not a highway to federal court for anyone wishing to uphold the rule of law."). And, there is no federal-government party in this action. Accordingly, the EAJA does not apply.

### 4. Title II of the Civil Rights Act of 1964

Goemaere appears to bring a claim under Title II of the Civil Rights Act of 1964, which prohibits racial discrimination in public accommodations. *See* 42 U.S.C. § 2000a. (ECF No. 1, PageID 6) (accusing Tiell of having an "agenda to make [Goemaere] fail by forcing ideologies of racism. . ." ) "To establish a *prima facie* case under § 2000a, plaintiff must show that he or she (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class." *Bormuth v. Dahlem Conservancy*, 837 F.Supp.2d 667, 674 (E.D. Mich. 2011).

At a minimum, Goemaere fails to allege any facts that she is a member of a protected class, that she was denied the benefit and enjoyment of a place of public accommodation, or that she was

treated less favorably than similarly situated persons who are not members of the protected class. Her allegations are largely vague and disjointed, and fail to offer any coherent set of facts that could support a Title II claim. Accordingly, this claim should be dismissed.

### 5. Title VII of the Civil Rights Act of 1964

Goemaere appears to bring a claim under Title VII of the Civil Rights Act of 1964, which generally prohibits employment discrimination. This claim faces insurmountable barriers at every turn. First, there is no indication that Goemaere is an employee or otherwise protected by Title VII. Second, even if Goemaere is protected by Title VII, there is no indication that Tiell is Goemaere's "employer" as defined by that statute. *See Wathen v. General Elec. Co.,* 115 F.3d 400, 406 (6th Cir. 1997) (holding that Congress did not intend individuals to face liability under Tile VII's definition of "employer.") And third, even if Goemaere is protected by Title VII and Tiell is her employer, there is no indication that she has exhausted her administrative remedies, which is a "precondition for filing a Title VII suit." *Lockett v. Potter*, 259 Fed.Appx. 784, 786 (6th Cir. 2008); *see also Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992) ("A person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted.") Accordingly, this claim is dismissed.

### 6. Hate Crime

Without citing any specific federal statute, Goemaere alleges that she is the victim of a hate crime. However, "federal hate crime laws do not provide a private cause of action." *Moreland v. U.S. Post Office General*, 2015 WL 2372322 at *4 (E.D. Mich. 2015) (citing *Kafele v. Frank & Wolldridge Co.*, 108 F. App'x 307, 308-9 (6th Cir. 2004)). Thus, this claim is dismissed.

### 7. Illegal Surveillance

7

Goemarere alleges that she is the victim of illegal surveillance. Notably, she does not identify any federal statute that she alleges has been violated. Because the Court cannot "create a claim which [a plaintiff] has not spelled out in [her] pleading," this claim is dismissed. *Tolliver v. Noble*, 752 Fed.App'x 254, 269 (6th Cir. 2018) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### C. Goemaere's State Claims

Arguably, Goemaere has raised five claims that might arise under state law: (1) malpractice; (2) harassment; (3) retaliation; (4) conspiracy; and (5) privacy.

#### 1. Malpractice

Goemaere appears to try to bring a malpractice claim against Tiell for her actions related to her role as an instructor at Oakland Community College. However, the Michigan Supreme Court has "declined to recognize a cause of action for educational malpractice." *Page v. Klein Tools, Inc.*, 461 Mich. 703, 716 (2000). Thus, this claim is dismissed.

#### 2. Remaining Claims

Simply put, none of Goemaere's factual allegations support the conclusion that Tiell could be liable for harassment, retaliation, breach of privacy, or conspiracy. Goemaere's complaint lacks specific allegations about Tiell's conduct and leaves the Court guessing as to what Goemaere claims that Tiell has done and how this alleged conduct was wrongful. Accordingly, these claims are dismissed.

## II. Goemaere's Motion to Amend

Goemaere has moved to add Oakland Community College as a Defendant. She also alleges, for the first time, that she is bringing a claim under Michigan's Elliot-Larsen Civil Rights Act.

The Court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a).  But denial may be appropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005).

The requested amendment would be futile. The analysis in Section I.B applies with full force to the College as well as Tiell. In other words, even if the College was added, there would still be no private right of action in FERPA, HIPAA, EAJA, federal hate-crime statutes, or for educational malpractice. And, Goemaere's complaint would still contain no factual allegations related to racial discrimination under Title II, employment discrimination under Title VII, illegal surveillance, harassment, retaliation, or breach of privacy, .

Finally, to the extent Goemaere is attempting to add a claim under the Elliot-Larsen Civil Rights Act, she has failed to articulate any factual basis upon which that statute could apply.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion to amend and **GRANTS** Defendant's motion to dismiss. Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge